KANNER, Chief Judge.
Final decree of divorce was entered in favor of the appellee against the appellant in October, 1952, and incorporated therein was agreement of the parties that appellant pay the monthly sum of three hundred dollars to the appellee for alimony and support of their four minor children. Judgment for past due support payments was entered on rule to show cause. The appeal is from this judgment.
The question emanating from this appeal is whether the rule requiring appellant to appear to show cause why he should not be held in contempt for violation of final decree of divorce is reasonable notice, sufficient to authorize reduction to judgment by the court of back support payments and authorization of execution to issue therefor.
On June 1, 1956, appellee petitioned for rule to show cause, alleging appellant was $5,027.90 in arrears, asking for rule ordering him to pay such sum or to appear and show cause why he should not be held in contempt and punished by being confined in the county jail. Rule issued and was served on appellant, ordering him to appear before the chancellor on June 12, 1956, “to show cause why you should not be held in contempt of this court and punished by being confined in the County jail.” Ap-pellee’s attorney gave appellant notice of hearing before the chancellor on the petition for June 19, 1956. The parties were both before the court at that time, and testimony, unrecorded, was heard. On August 7, 1956, the chancellor entered judgment against the appellant for the past due support payments, authorizing the issuance of execution on the judgment.
It is the appellant’s position that the rule to show cause was not proper notice in that it was not sufficient to apprise appellant that the hearing was for the purpose of reducing the back alimony and support payments to a money judgment, but rather that his purpose for being in court was to show whether he had good reason for not obeying the court order and why he should not be adjudged in contempt; and that thus he was misled to his prejudice.
The rule to show cause proceeding here is not an original one, but a continuation of the divorce proceeding. Under rule to show cause seeking the enforcment of alimony or support payments under final decree of divorce, an essential question involved is what the arrearage is, if any. If the court had adjudged appellant in contempt, the contempt order would have fixed a definite sentence of punishment with the alternative that appellant be allowed to purge himself by payment of the sum found to be in arrears. So appellant was on notice that he was confronted with the issue of arrearage in payment. He and appellee *37 were personally before the court, with testimony being given, and he had the right to combat that issue. And, by virtue of the very nature of the proceeding, it was necessary for the court to determine whether or not there was an arrearage and, if so, the amount. It follows that the appellant was not misled to his prejudice and that the chancellor acted within his province in adopting the method that he did in resolving the controversy. See the case of Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68.
The judgment of the court below is affirmed.
PLEUS and ALLEN, JL, concur.