PER CURIAM.
This is an appeal from an order entered by the chancellor adjudging the appellant guilty of contempt.
On the contempt question a hearing was had before the chancellor, at which time the parties were present, represented by counsel, and testimony given on the issue of whether the appellant should be adjudged in contempt for failure to make alimony payments in accordance with an order of the court theretofore entered. Thereupon the chancellor determined that the appellant was guilty of willful contempt and committed him to the county jail for a period of IS days.
The contempt order failed to make provision by which appellant could purge himself of the contempt. The order appealed from should be modified to include the amount by which appellant was in default for alimony at the date of such order, and to provide that he may purge himself and be released from his sentence upon paying or causing such sum to be paid. Therefore, to that extent the order is reversed with direction to modify and amend the same in the manner stated. See Dykes v. Dykes, Fla.App., 104 So.2d 598; and Taylor v. Taylor, Fla.App.1957, 97 So.2d 35.
As to the other questions raised, the order appealed from is affirmed. On the petition for the allowance of attorneys’ fee for appellee’s attorneys in connection with this appeal, the sum of $200 is hereby allowed.
Affirmed in part and reversed in part.
KANNER, C. J., SHANNON, J., and SEBRING, HAROLD L., A. J., concur.