BOARDMAN, Judge.
Appellant, James C. Williams, Jr., husband, defendant in the trial court, failed to pay alimony and other monetary allowances to Elsie L. Williams, wife, plaintiff in’ the trial court, as required in the final judgment of dissolution of marriage. Upon application of the appellee, and after proper hearing, the trial judge determined appellant to be in contempt of the final judgment aforesaid. Accordingly, the experienced trial judge ordered appellant to serve one year in the Hendry County Jail without provision for him to purge himself of the contempt until the end of six months imprisonment. Appellant timely filed this appeal from the order of contempt.
*543 It is crystal clear that the trial judge properly and legitimately exercised his power to hold appellant in contempt under Florida law for his failure to comply with the court’s order. Likewise, there is no question but that the trial judge was, in view of the circumstances of this case, absolutely justified in sentencing appellant to a term of imprisonment, entering a money judgment for arrears in alimony payments, and ordering him to pay the other sums of money as set forth in the order of contempt. We, therefore, affirm the order of the trial court in this regard.
We are seriously concerned with the point raised by appellant in which he questions the propriety and legality of the following provision recited in the contempt order:
E. That the Petitioner, JAMES C. WILLIAMS, JR., may purge himself of this contempt and be released from the Hendry County Jail after six (6) months from the date of said hearing; by paying all amounts due under this Order.

After careful and considerate study, we respectfully submit that the trial judge erred in not affording the appellant the opportunity to purge himself of the contempt until the end of six months imprisonment. Clearly, on the face of the record, this is a civil contempt proceeding; yet, there was “no way” for appellant to be released from jail until he served the six months sentence. On the authority of Lord v. Lord, Fla.App. 1958, 104 So.2d 624, and the cases cited therein, we have no alternative but to remand this cause to the trial court to modify the provisions of the order of contempt to allow appellant to purge himself and be released from the sentence upon payment by him to appellee of the money set forth in the order aforesaid.
The order appealed is, therefore,
Reversed in part and affirmed in part.
MANN, C. J., and McNULTY, J., concur.