339 So.2d 665 (1976)
John Charles PHILLIPS, Appellant,
v.
Mary ADAMS (Phillips), Appellee.
No. 75-1972.
District Court of Appeal of Florida, Fourth District.
November 12, 1976.
Rehearing Denied December 14, 1976.
Warren H. Petersen, Orlando, for appellant.
O.H. Eaton, Jr., Stenstrom, Davis & McIntosh, Sanford, amicus curiae for appellee.
MASON, ERNEST E., (Retired) Associate Judge.
This is an appeal from an order entered by the Honorable Dominick J. Salfi, Circuit Judge of the Eighteenth Judicial Circuit in and for Seminole County, Florida, upon a Rule Nisi directed to the appellant, respondent below, to show cause why he should not be held in contempt of court for failure to pay arrearages of child support money required in and by the terms of a final judgment of divorce entered by the court under date of January 30, 1968. The Rule Nisi was issued upon the petition of the appellee, petitioner below, alleging the appellant failed to comply with the support provisions of said final judgment in the sum of $11,822.81 at the rate of $60.00 per week. The Rule was returnable on October 17, 1975.
On the date and at the time set forth in said Rule Nisi appellant appeared with his attorney and in response to the Rule proffered defenses. The appellant proposed by said defenses to show that he had been for a period of seven years denied visitation privileges with the minor children of the parties and had been deprived of the right *666 to see said children for said period of time, and that appellee had failed to notify him of her place of residence so that he could exercise his visitation rights. As a second defense appellant proposed to show that appellee had acquiesced in the non-payment of child support for said period of time and that she was guilty of such laches as to bar contempt proceedings against him. A third proposed defense was that the children had been adequately provided for from other sources.
This court finds that the last proffered defense of adequate support provided by others is not a legal defense to a Rule Nisi to show cause for non-payment of child support.
At the time of the hearing on the Rule Nisi the court below refused to permit appellant to offer evidence in support of his defenses of appellee's refusal of visitation privileges and of her laches in instituting the contempt proceedings. The court in denying appellant's proffer of evidence to support said defenses stated that such were not proper defenses to the Rule Nisi and that all he was interested in hearing was whether appellant's failure to pay was willful or not, and secondly, a statement from appellant as to when he would pay up the arrearages. After a long discussion between the court and appellant on the only issues that the court felt to be proper, the court entered an order holding the appellant to be in contempt for failure to pay the child support requirements of the final judgment totaling as of the date of the hearing $11,822.81. The court thereupon divided the arrearage into two parts, entering a general judgment of $6,000.00 against appellant and in favor of appellee, and requiring that the balance of the arrearage be paid at the rate of $40.00 per week together with current payments as they accrue. Punishment was withheld conditioned upon the appellant making the weekly payments on account of such arrearage and current payments.
We hold that the trial judge was in error and that he abused his discretion by refusing appellant the right to present evidence in support of the two affirmative defenses of appellee's refusal to allow visitation privileges and her laches in instituting the contempt proceeding. This court held in Warrick v. Hender, Fla.App., 198 So.2d 348, that where a father is granted visitation rights with correlative obligations, to make support payments for his children he should not be required to make such payments so long as the mother, having the primary custody of the children, fails or refuses to accord him the visitation privileges so granted. In Denton v. Denton, Fla.App. 1962, 147 So.2d 545, 548, the District Court of Appeal for the Second District held it to be improper to order a divorced father to pay arrearages of child support payments which accrued while the mother having primary custody of the children failed or refused to comply with the order granting the father visitation privileges. In Craig v. Craig, 1946, 157 Fla. 710, 26 So.2d 881, the Supreme Court of Florida held that the refusal or failure of the wife to comply with the provisions of a support decree may be urged against her in opposition to a Rule to Show Cause. We hold that it was an abuse of discretion on the part of the trial court to refuse to hear evidence by appellant in support of his claim that the mother had refused him visitation privileges. Of course, after hearing the father's defense of the mother's failure to grant him visitation privileges, the court may reasonably conclude that the defense had not been supported by the evidence and that the father was in contempt for failure to make the support payments. But, the father is entitled to his day in court on the issue and the trial court should not summarily deny him the privilege of offering testimony in support of such defense.
The same is true as to the defense of laches. Laches on the part of the mother may justify a refusal by the court to enforce *667 against the father the payment of past due installments of child support. Brown v. Brown, Fla. App., 108 So.2d 492. Such a defense, of course, is predicated upon the father's showing that the mother's delay under all of the circumstances resulted in injury or prejudice to him. But, as in the case of the first defense of the mother's refusal to grant visitation privileges, the father should be permitted to offer evidence on his claim of laches and to deny him that privilege is an abuse of discretion.
We reverse the order on the Rule Nisi herein and remand with the direction to the trial court to permit appellant to present evidence on the issues raised by his affirmative defenses of the refusal of appellee to award him visitation privileges and her alleged laches in instituting the contempt proceedings.
REVERSED AND REMANDED with directions.
CROSS, J., and SMITH, CULVER, Associate Judge, concur.