399 So.2d 1083 (1981)
Marsha Clare BROWN, Appellant,
v.
Kermit Marlin BROWN, Appellee.
No. XX-65.
District Court of Appeal of Florida, First District.
June 22, 1981.
*1084 John Paul Howard, Jacksonville, for appellant.
Robert I. Scanlan, Tallahassee, for appellee.
ROBERT P. SMITH, Judge.
We find no error in the circuit court's rulings on appellant's "petition for judgment of contempt and motion for modification of final judgment of divorce." The facts of the case are as stated in Judge Wentworth's concurring and dissenting opinion, although we should note that appellant made no application to reduce the alleged arrearages to judgment except by an order of contempt, which the full panel agrees the circuit court properly denied. If the record contained a proper demand for a judgment of arrearages, we should be obliged to sustain the circuit court's denial of that relief because of the undisputed testimony that appellant bargained for and agreed to the termination of child support payments, during the period in question, in exchange for appellee's agreement to "stop calling and stop bothering her about seeing the child." See Phillips v. Adams, 339 So.2d 665 (Fla. 4th DCA 1976). Nor do we think the court can be held to have erred in granting appellee's motion to dismiss the petition for modification and increase of the resumed child support payments, after appellant rested her case on that issue without any effort to prove the child's increased need and appellee's increased ability to pay. Section 61.14(1), Florida Statutes (1979). The trial court was required to rule on the issues as they were presented by counsel; and, having correctly ruled that the evidence in support of modification was insufficient at the close of appellant's case, the court cannot be held in error for declining to reopen that issue based on evidence later received on the contempt issue.
AFFIRMED.
MILLS, C.J., concurs.
WENTWORTH, J., concurs and dissents, with opinion.
WENTWORTH, Judge, concurring in part, dissenting in part.
While I recognize the great discretion vested in trial judges in matters of this nature, I would conclude in the circumstances of this case that the court abused its discretion in denying payment of delinquent child support based on alleged agreement of the appellant mother, and in rejecting reconsideration of the modification motion without regard to evidence submitted on the contempt petition heard simultaneously.
When the parties were divorced in 1971, Mr. Brown's income was about $500.00 per month and he was ordered to pay $70.00 per month for child support. In 1980, Ms. Brown filed a motion for modification and a petition for judgment of contempt, requesting an increase in the child support and alleging that Mr. Brown was in arrears $5,690.00. At the hearing on these motions she introduced into evidence her current financial affidavit and a printout from the sheriff's office showing the arrearage, then rested. At that point the court granted Mr. Brown's motion to dismiss the modification claim but decided to hear further evidence on the petition for contempt. Mr. Brown testified that shortly after the divorce, Ms. Brown agreed he could stop the support payments if he would give up visitation. In 1973 Ms. Brown moved to Texas, and from 1973 through 1978 Mr. Brown made only three payments of support on the specific request of Ms. Brown. He resumed regular payments in 1978 after Ms. Brown filed a URESA action against him.
During his testimony, Mr. Brown referred to his financial affidavit and it was introduced in evidence on motion of Ms. Brown, without objection. The affidavit *1085 showed a substantial increase in Brown's income: from $500 to $1,028.71 a month. When Mr. Brown rested, Ms. Brown asked for reconsideration of the ruling on modification. The court refused, denied the motion for modification, denied the petition for contempt and denied Ms. Brown's request for attorney's fees.
The court may modify a support order or agreement if "the circumstances or the financial ability of either party has changed." (e.s.) § 61.14(1), Florida Statutes (1979). A showing that the paying parent has had a substantial increase in income is sufficient to justify an increase in the amount of child support. Lamar v. Lamar, 266 So.2d 376 (Fla.4th DCA 1972); Sherman v. Sherman, 279 So.2d 887 (Fla.3d DCA 1973); Meltzer v. Meltzer, 356 So.2d 1263 (Fla.3d DCA 1978); Lenton v. Lenton, 370 So.2d 30 (Fla.2d DCA 1979). Clearly such a showing was made here by introduction of Mr. Brown's financial affidavit and his testimony as to his prior earnings. This evidence was brought before the court immediately after it had dismissed the motion for modification, and the request for reconsideration based on all the evidence should have been granted to prevent elevation of form over substance in light of the statutory prescription that the court shall "make orders as equity requires, with due regard to the changed ... financial ability... ." § 61.14(1), supra.
Although I agree with the majority that the record supports the ruling on contempt, the alleged agreement between the parties does not in my opinion permit denial of an order for payment of the arrearage.
On a motion for contempt, our courts have not required a specific plea for reduction to judgment or for enforcement by other means. Taylor v. Taylor, 97 So.2d 35 (Fla.2d DCA 1957). Feder v. Feder, 291 So.2d 641 (Fla.2d DCA 1974), involved a petition "seeking to have the husband held in contempt for alleged failure to comply with the judgment's requirement... ." In reversing the lower court's failure to order payment, the appellate court stated:
While it was within the discretion of the judge to refrain from holding the husband in contempt therefor, the wife is entitled to enforcement of payment of the same by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary to that end.
Id. at 642-43. See also Ginsberg v. Ginsberg, 123 So.2d 57 (Fla.3d DCA 1960), and Williams v. Williams, 277 So.2d 542 (Fla.2d DCA 1973). I would accordingly conclude that the trial court abused its discretion by failing to order payment of arrearage which was adequately proven.
Clearly a parent may not contract away the right of a child to receive support. Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); Lang v. Lang, 252 So.2d 809 (Fla.4th DCA 1971); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979); Melvin v. Melvin, 391 So.2d 691, (Fla. 1st DCA 1980). Unpaid installments of child support constitute a vested property right, Smithwick v. Smithwick, 343 So.2d 945 (Fla.3d DCA 1977), and the cause of action for enforcing this right is not barred by the statute of limitations since these are equitable proceedings. Armour v. Allen. Although laches or other exceptional circumstances may bar such claims, I find no predicate for that doctrine in this case. Compare Mendel v. Mendel, 257 So.2d 293 (Fla.3d DCA 1972); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977) with Craig v. Craig, 157 Fla. 710, 26 So.2d 881 (1946), and Brown v. Brown, 108 So.2d 492 (Fla.2d DCA 1959). In order to invoke laches, prejudice must, of course, have resulted from the delay. Bethea v. Langford, 45 So.2d 496 (Fla. 1949). The only prejudice alleged by Mr. Brown is that for the time in question he gave up his right to visit his child. The result would appear to be economic benefit instead of detriment, and no evidence was presented of other prejudicial effect. I would conclude that temporary voluntary relinquishment of parental visits in these circumstances does not support an inference of the character of prejudice contemplated by the doctrine of laches. See Bethea v. Langford.
*1086 Phillips v. Adams, cited by the majority, holds only that on a rule to show cause, the husband must be allowed to present any legal defenses he has. In Phillips the husband alleged that the wife had denied him visitation with the parties' minor child, had acquiesced in the nonpayment of child support and was guilty of laches so as to bar the contempt proceedings. The court ruled that the husband should have been allowed to present evidence in support of the defenses of "appellee's refusal to allow visitation privileges and her laches in instituting the contempt proceedings." In discussing laches, the court noted that such a defense is predicated upon the father showing that the mother's delay under all of the circumstances resulted in injury or prejudice to him. Significantly, the court failed to acknowledge the agreement as a defense. While such an agreement may be part of the circumstances giving rise to laches, I find no authority or persuasive rationale for concluding the agreement alleged here was effective to nullify the child's previously adjudicated right to support payments.
I would reverse because the appellant wife was entitled to reconsideration of modification based on all evidence and to judgment for the arrearage, and the court should have enforced its prior order by whatever equitable remedies it deemed appropriate. Feder v. Feder, supra.
The record indicates that the trial court did not abuse its discretion in denying an award of attorney's fees to Ms. Brown. Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977). I therefore concur in this portion of the majority's ruling as well as that relating to contempt.