503 So.2d 1387 (1987)
Theresa de JESUS PARIS, Appellant,
v.
Frank Robert BOLLON, Appellee.
No. 85-2876.
District Court of Appeal of Florida, Fourth District.
March 25, 1987.
*1388 Joseph R. Boyd, Susan S. Thompson, and William H. Branch of Boyd and Thompson, P.A., and Chriss Walker of Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
No appearance on behalf of appellee.
PER CURIAM.
In 1975, a New York court entered a final judgment of divorce between appellant, Theresa de Jesus Paris, and appellee, Frank Bollon. The final judgment awarded custody of the minor child of the parties to appellant, and ordered appellee to pay the child's medical and dental bills and child support of $20 per week. In 1981, the parties allegedly entered into an oral modification of the child support order. The modification agreement provided that appellee would maintain the child in his home during the summer months in lieu of any other support obligation.
In 1983, appellant filed a complaint for support pursuant to the Hawaii Uniform Reciprocal Enforcement of Support Act in the family court of the First Circuit of the State of Hawaii. Appellant attached to the complaint a sworn statement concerning the financial basis for her claim. After hearing appellee's testimony and considering appellant's complaint and attachments, the trial court denied the claim. The court found that the modification agreement, with which appellee had complied by maintaining the child during the summer months, operated to relieve him of any other child support responsibilities. Appellant did not appeal this order.
In 1985, appellant again filed a verified complaint with an attached sworn statement. The sworn financial statement demonstrated that appellant's income had increased, but also showed an increase in her expenses and that she had borrowed $3,000 from her credit union in order to meet her monthly expenses. The trial court dismissed the petition, concluding that the 1985 petition together with its supporting documents did not furnish a basis to depart from its 1983 decision.
Appellant argues that the trial court erred initially when it determined the modification agreement operated to relieve appellee of his child support obligation, and again when it concluded that appellant's 1985 petition did not furnish a basis for the court to consider her request for additional support. We agree with both of these contentions.
First, the right to child support belongs to the child. It is not an obligation imposed by one parent on the other. Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979). Therefore a child's parents may not bargain away the child's right to support. Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971). In Lee v. Lee, 157 Fla. 439, 26 So.2d 177, 179 (1946), the supreme court stated:
We know of no rule of law by which a father may by contract obviate or impair his obligation to support his minor children, except possibly by a contract with the duly appointed Guardian ... when such contract ... shall have been ratified and approved by a court of competent jurisdiction.
A court must place the welfare of the child first when considering a question of child support, especially where the parents have entered into an agreement in derogation of a court-ordered support obligation. See Lang, 252 So.2d at 811. Additionally, a comparison of the financial statements attached to appellant's two complaints for support demonstrates a change in her financial *1389 situation sufficient to warrant a hearing on her 1985 complaint.
Generally speaking, the effective date for an increase in child support should be the date the petitioner filed for modification. Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972). Our determination that an order modifying child support sub judice should be effective as of the date appellant filed her 1985 petition is supported by two reasons. First, the circuit court's unappealed 1983 order, although incorrect, elevated the parties' agreement to the status of a court decree and established appellee's support obligations at that time. Since such a determination is binding until reversed or modified, no arrearages would have accrued to the child for the interval between the filing of appellant's 1983 and 1985 petitions for modification. See Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970); Mendel v. Mendel, 257 So.2d 293 (Fla. 3d DCA 1972).
We also note that appellant's failure to appeal the 1983 order denying child support resulted in a waiver of her right to collect any arrearages owed to the child prior to the filing of the 1985 complaint. See Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981); Brown v. Brown, 399 So.2d 1083 (Fla. 1st DCA 1981).
Accordingly, we reverse the order dismissing appellant's complaint. We remand the case to the trial court to determine the amount of child support required to meet the child's needs, retroactive to the date of appellant's latest complaint.
REVERSED and REMANDED.
GLICKSTEIN, DELL and STONE, JJ., concur.