PER CURIAM.
This case involves a husband’s appeal from a final order awarding the wife the marital home in lieu of child support after an expedited trial, where the husband was imprisoned, was not present at the hearing, and claims due process and notice violations. We reverse.
The appellee wife’s motion for an expedited trial setting expressly stated that there were no questions relating to alimony or child support; that the sole issue was disposition of the marital home; and that the wife was being prejudiced by having to make mortgage payments on the home although she was not shown on the title as an owner of the property. The expedited trial proceeded with the appellant husband absent. The final judgment awarded the entire title to the marital residence to the wife, both as special equity in recognition *755 of mortgage payments she had made, and in lieu of child support payments. The house had been inherited by the husband and, since it was encumbered by a mortgage at the time of inheritance, the husband enjoyed a special equity in the property to the extent of the net equity at the time of inheritance.
While the trial court has the power to effect equitable distribution, including the power, where appropriate, to award the husband’s equity to the wife in lieu of child support, see Butler v. Butler, 409 So.2d 517, 518 (Fla. 5th DCA 1982), in the present case the motion for expedited setting clearly indicated that no claim for alimony or child support would be presented. Similarly, the motion indicated that the wife desired to be added to the title of the property, but did not indicate that she would seek an award of the property in its entirety. The effect of the motion was to limit the issues to be considered, in exchange for which the wife obtained an expedited trial setting. Having on the eve of trial limited the issues to be tried, the wife was not at liberty to go to the final hearing and, in the absence of the husband, obtain relief she had indicated she would not seek. See, e.g., Gelkop v. Gelkop, 384 So.2d 195, 201 (Fla. 3d DCA 1980) (“defendant ... not given a fair opportunity to defend against the claim on which the judgment was based”) and cases cited therein; Williams v. Williams, 227 So.2d 746, 748 (Fla. 2d DCA 1969) (same).
We therefore reverse the award of the marital home and remand for a new trial, so that appellant husband has an opportunity to be heard with respect to the relief sought by the wife. We do not doubt the authority of the court to render a decree granting the relief sought by the wife, but that can be done only after fair notice to the husband of the issues actually to be tried.
Reversed and remanded.