791 P.2d 366

**In re the Marriage of Gregory ALBINS, Petitioner/Appellant,**

**v.**

**Carol Albins ELOVITZ, Respondent/Appellee.**

**Nos. 2 CA–CV 89–0228, 2 CA–CV 89–0229.**

Court of Appeals of Arizona, Division 2, Department A.

April 19, 1990.

Nye, Shaw, Ahern, McCormley, Chambliss & Brown, P.C. by Suzan V. Pearlstein, Phoenix, for petitioner/appellant.

Irwin Harris, Phoenix, for respondent/appellee.

## OPINION

HOWARD, Judge.

This is a consolidated appeal from two judgments that involve the validity of a clause in a modified property settlement agreement.

## FACTS AND PROCEDURE

The stipulated facts show the following. The original decree of dissolution and property settlement agreement were ordered approved in July 1981. The property settlement agreement gave the wife the custody of the minor children of the parties subject to reasonable visitation rights in the husband. Child support was set at $300 per month.

In December 1985, the father filed a petition in bankruptcy court. He made no child support payments to the wife after December 1985 until February 1988. From December 1985 through September 1986, numerous motions relating to visitation problems and non-payment of child support were filed by both parties with the court.

On September 24, 1986, at an order to show cause hearing, the husband agreed to forego visitation with his minor children in return for the wife's waiver of past due child support and the abatement of future child support, attorney's fees and costs. As a result of the husband's agreement the property settlement agreement was modified to contain the following provisions:

> The parties further stipulate and Father specifically agrees that from the date of September 23, 1986 neither he or [sic] his wife shall initiate contact, directly or indirectly with Mother, her husband, or the minor children of the parties, with respect to the children, nor shall he have visitation with the minor children of the parties, unless such contact or visitation is initiated by a minor child or children of the parties, nor shall Father initiate any legal proceedings under this case number.

\*       \*       \*       \*       \*       \*

> If Father violates any of the terms of this Agreement or initiates legal proceedings under this case number, then the Mother's waiver of her claim for all child support, attorney's fees and costs that would have accrued from December of 1985 to the date of such violation, is deemed withdrawn and to no force or effect as if such waiver had never been made, Mother shall be granted Judgment against Father for all support that would have accrued from December, 1985, pursuant to the Decree of Dissolution and Property Settlement Agreement as set forth above, as well as for the sum of $1,500.00 for attorney's fees incurred to date. . . . .

In December 1987, the father filed a petition for order to show cause for the purpose of reinstituting his obligations for future child support and to determine the

enforceability of the mother's conditional waiver of child support in the modified agreement. The father subsequently resumed payment of child support in February 1988 and regular visitation was resumed.

The trial court, after taking the matter under advisement, ordered the father liable for child support from December 1985 in the sum of $7,800 together with attorney's fees in the sum of $1,500. The judgment also stated that the mother's request for attorney's fees in connection with the order to show cause would be set for hearing on June 27, 1988. After several continuances at the request of the petitioner a hearing was held on the attorney's fees, and on August 25, 1988, the trial court entered an order awarding the respondent her attorney's fees in the sum of $1,000.

After the briefs were filed a question arose as to whether the notices of appeal were timely filed. The chronology of the appeals is as follows. On July 20, 1988, appellant filed a notice of appeal from the judgment of June 22, 1988, which found petitioner liable for back child support, past attorney's fees and costs. This judgment expressly reserved the issue of present attorney's fees for later determination. The deferred determination of attorney's fees was made on August 25, 1988, when the trial court entered an order awarding attorney's fees to respondent in the sum of $1,000. A notice of appeal from this order was filed on September 29, 1988. The staff of the court directed a letter to counsel for the parties questioning the timeliness of the appeal taken from the attorney's fees order. Appellant responded to this inquiry by filing a motion to revest jurisdiction in the trial court. We granted the motion and the trial court entered an amended judgment nunc pro tunc, amending the original judgment to include the later attorney's fees award. No new notice of appeal was ever taken from this amended judgment nunc pro tunc.

## JURISDICTION OF THE APPEALS

There is no dispute as to the untimeliness of the appeal from the August 25, 1988 order.

There was, however, a timely notice of appeal from the original judgment filed June 22, 1988. Even though the trial court had not determined the issue of attorney's fees, this judgment was final and appealable because entry of judgment cannot be delayed for taxing costs, see 16 A.R.S. Rules of Civ.Proc., Rule 58(a), and attorney's fees awarded in a divorce action are considered as costs for the purposes of Rule 58(a). See A.R.S. § 25–324 (costs and expenses in a domestic relations action may include attorney's fees); *Murphey v. Gray*, 84 Ariz. 299, 327 P.2d 751 (1958). Since the time for filing an appeal started when the June 22, 1988 judgment was entered, we do not believe another notice of appeal was necessary after the entry of the judgment nunc pro tunc in order for us to have jurisdiction to review the issue of the attorney's fees as part of costs.

## ATTORNEY'S FEES

Appellant contends the trial court's award of $1,000 attorney's fees was an abuse of discretion. We do not agree. There was evidence before the trial court that appellant was the beneficiary of substantial community income, had some $1,600 in the bank and had paid his attorney $3,000 as a retainer in connection with the proceedings, while the evidence showed that appellee did not have the resources to pay her attorney's fees.

## THE VALIDITY OF THE CONDITIONAL WAIVER

In Arizona, a custodial parent can waive child support payments. *Ray v. Mangum*, 163 Ariz. 329, 788 P.2d 62 (1989); *Cordova v. Lucero*, 129 Ariz. 184, 629 P.2d 1020 (App.1981). We see no reason why, in connection with such a waiver, the non-custodial parent, in consideration of the waiver, cannot agree to surrender visitation rights. Such arrangements have been upheld in other jurisdictions. See *Malekos v. Chloe Ann Yin*, 655 P.2d 728 (Alaska 1982), overruled on other grounds; *Cox v. Cox*, 776 P.2d 1045 (Alaska 1989);

*Deivert v. Oseira,* 628 P.2d 575 (Alaska 1981); *Brown v. Brown,* 399 So.2d 1083 (Fla.App.1981); *McCrann v. McCrann,* 138 N.E.2d 169 (Ohio App.1951). But see *Anthony v. Anthony,* 204 N.W.2d 829 (Iowa 1973). However, any such agreement is not binding on the court and will be enforced only so long as the interest of the child is not adversely affected.

 In analyzing the enforceability of contract provisions the rule followed in Arizona is that an agreement made in advance of breach is an unenforceable penalty unless the amount fixed in the contract is a reasonable forecast of just compensation for the harm that is caused by the breach. See *Larson–Hegstrom and Associates v. Jeffries,* 145 Ariz. 329, 701 P.2d 587 (App. 1985). We presume that the respondent did not need the child support from the petitioner or else she would not have agreed to waive it, and the record contains nothing contrary to this presumption. Furthermore, she received something of value in exchange for her waiver—the petitioner did not, during the time in question, exercise visitation or contact the respondent or her husband.

It is clear to us that the clause allowing the respondent to withdraw her waiver of support payments thus causing all waived support to be due, and requiring the payment of her attorney's fees in the sum of $1,500 is nothing more than an *in terrorem* clause designed not as a reasonable forecast of just compensation, but designed to threaten the petitioner and deter him from reinstating visitation.

The judgment of June 22, 1988, is vacated and set aside.

It is ordered that each party bear its own attorney's fees.

LIVERMORE, J., concurs.

HATHAWAY, Judge, specially concurring.

I agree with the result reached by the majority. I disagree with the rationale that the parents may bargain child support for visitation rights. Both child support and visitation are rights of and benefits for the child and should be carried out accordingly. In the absence of a contrary showing I believe the child's best interest is deleteriously affected by the parent's bargaining away these decretory rights. Cf. *Anthony v. Anthony,* 204 N.W.2d 829 (Iowa 1973); *In Interest of K.J.K.,* 396 N.W.2d 370 (Iowa App.1986).