PER CURIAM.
In this appeal from a final judgment of dissolution, the husband contends that he has been shortchanged because his wife received essentially all of the marital assets and he was ordered to pay child support even though he is unable to earn income because of his incarceration for drug offenses. We affirm on all issues.
The parties had been married for nearly twelve years at the time of the dissolution and were the parents of two children. At the time of the divorce the husband was incarcerated for the second time during the marriage. In the final judgment the court imputed income to the husband based upon evidence of his past earnings and endeavors and ordered child support. The court also found that the wife was a candidate for lump sum alimony to be paid to her from various assets accumulated by the parties. The court therefore ordered that the marital residence, furniture, cash and the wife’s automobile be retained by her as equitable distribution, justifying the inequality of distribution because of the substantial amount of marital assets expended by the husband in his defense to the charges for which he was convicted. The remaining monies were awarded to the wife as undifferentiated family support. While the court found that the husband’s incarceration prevented him from earning the amount of income necessary to pay child support based upon the income the court imputed to him, the remaining assets would provide the wife with that level of support during the five years the court estimated it would take the husband to reestablish himself. Thus, in awarding to the wife the lump sum family support, it excused the husband’s support obligation for five years, after which time further proceedings would be held to redetermine the child support issue.
We affirm based on Held v. Held, 617 So.2d 358 (Fla. 4th DCA 1993); Gill v. Gill, 504 So.2d 67 (Fla. 2d DCA 1987); see also Diazi v. Diazi 549 So.2d 754, 755 (Fla. 3d DCA 1989). The trial judge was primarily interested in assuring that the support of the children was provided for during the husband’s prison term. We commend him for his effort and solution.
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.