NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA ex rel. ARIZONA
DEPARTMENT OF ECONOMIC SECURITY
(JAMI LYNNE HOELSCHER), *Petitioners/Appellees*,

*v.*

MICHAEL DAVID RUX, JR., *Respondent/Appellant*.

No. 1 CA-CV 13-0754

FILED 06-26-2014

---

Appeal from the Superior Court in Maricopa County
No. FC2003-093081
The Honorable Jamie B. Holguin, Judge *Pro Tempore*

**REVERSED AND REMANDED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee ADES*

Keith R. Lalliss, Attorney at Law, Mesa
By Keith R. Lalliss
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kent E. Cattani joined.

---

**J O H N S E N**, Judge:

¶1        Michael David Rux appeals from the superior court's order requiring him to pay child support beginning August 1, 2013.  Rux argued the child's mother had waived any child support in exchange for his agreement to have no role in the child's life.  The superior court ruled any such waiver was not effective after August 1, 2013.  The court's order explained:

> **THE COURT FURTHER FINDS** that it is in the best interest of the child for the Court **NOT** to recognize the waiver in the future; because Father now seeks to have contact with the minor child.

¶2        On appeal, the State acknowledges insufficient evidence supports the court's finding that Rux now seeks to have contact with the child.  We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1) (2014) and -2101(A)(1), (2) (2014).[1]

¶3        We agree that insufficient evidence supports the superior court's finding that Rux intends to pursue a relationship with the child. We therefore reverse that finding and remand for further proceedings consistent with the previous memorandum decision in this case.  *Ariz. Dep't of Econ. Sec. v. Rux*, 2009 WL 3836120, *3, ¶ 17 (Nov. 17, 2009) ("Under these circumstances, we conclude that we must remand this case

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

to the trial court to determine if there was a waiver, whether any such waiver is still valid, and whether it is in the best interests of the child for the court to recognize such waiver."). *See Albins v. Elovitz*, 164 Ariz. 99, 102, 791 P.2d 366, 369 (App. 1990) (court may enforce child support waiver only if the interests of the child are not adversely affected).



Ruth A. Willingham · Clerk of the Court
FILED: gsh