NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHARLES DAVID RODRICK, an individual and TRACI HEISIG, an individual, *Plaintiffs/Counterdefendants/Appellants*,

*v.*

DAVID MICHAEL ELLIS, *Defendant/Counterclaimant/Appellee*.

No. 1 CA-CV 15-0725
FILED 5-30-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-003800
The Honorable Douglas Gerlach, Judge
The Honorable Katherine Cooper, Judge

**AFFIRMED**

COUNSEL

Law Office of Barry W. Rorex, PLC, Tucson
By Michael Harnden
*Counsel for Plaintiff/Appellant*

Jeffrey M. Zurbriggen, P.C., Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1** Charles Rodrick and Traci Heisig appeal the superior court's ruling denying their Motion to Set Aside Judgment. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** In January 2013, Rodrick and Heisig filed a complaint in the superior court against David M. Ellis, among other parties,[1] alleging defamation, trade libel, invasion of privacy, tortious interference with business relations and other causes of action in relation to websites operated by Rodrick that archived and published criminal records of convicted sex offenders. Ellis filed counterclaims against both Rodrick and Heisig alleging malicious prosecution, abuse of process, defamation, and conspiracy.

**¶3** The Honorable Katherine Cooper was assigned to preside over Rodrick's case and ruled on procedural matters before trial, including ordering Rodrick and Heisig to respond to various discovery requests. Judge Cooper sanctioned Rodrick for withholding relevant evidence and for repeatedly failing to comply with court orders. For example, after an evidentiary hearing the superior court ordered Rodrick to remove defamatory information regarding Ellis, Galvez, and Flynn from several public websites controlled by Rodrick.[2] Judge Cooper also (1) issued a civil arrest warrant against Rodrick, (2) ordered the jury to be advised of both

---

[1] No other defendant is a party to this appeal.

[2] The defamatory information suggested that Ellis was a child molester; stated that Ellis communicated with, aided and abetted sex offenders and child molesters; alleged Ellis committed sexual harassment and other misconduct in the workplace; and listed Ellis's employment addresses and professional affiliations.

Rodrick's failure to remove defendants' names from websites he controlled, and of his reposting of the prohibited information on the websites, (3) prohibited Rodrick from explaining his court violations to the jury, and (4) awarded attorney's fees and costs against Rodrick and Heisig. Judge Cooper dismissed Heisig's claims because she "willfully refused to submit [herself] to the court's authority."

¶4 However, Judge Cooper ruled in Rodrick's favor as well. For example, Judge Cooper partially granted Rodrick's Motion to Dismiss Grainger's counterclaims, denied Ellis's Motion for Sanctions filed against Heisig, granted Rodrick's motions for Galvez and Grainger to post bond, denied Ellis's request to suppress his deposition and request for attorney's fees and costs, and denied Galvez's Motion for Sanctions. Judge Cooper also partially granted Rodrick's Motion for Summary Judgment.

¶5 In April 2014, the case was reassigned to the Honorable Douglas Gerlach for trial due to a conflict on Judge Cooper's calendar. On April 17, 2014, Rodrick submitted a joint pretrial statement that failed to comply with the Arizona Rules of Civil Procedure. Judge Gerlach rejected Rodrick's pretrial statement, but afforded Rodrick "one more opportunity to arrange for a satisfactory pretrial statement." Judge Gerlach warned Rodrick his claims could be dismissed if he failed to file an appropriate pretrial statement.

¶6 On May 5, 2014, a jury trial commenced with Judge Gerlach presiding. On the second day of trial, Judge Gerlach dismissed all claims asserted by Rodrick due to his failure to file a pretrial statement compliant with procedural rules. Judge Gerlach further dismissed 15 claims asserted against Rodrick and Heisig. Judge Gerlach affirmed Judge Cooper's dismissal of Heisig's claims and ordered counsel to read Judge Cooper's sanctions against Rodrick to the jury, affirming her decision. The trial proceeded on the remaining defendants' counterclaims against Rodrick and Heisig. During the sixth day of trial, Heisig was dismissed from the case when the counterclaims against Heisig were withdrawn by the Counterclaimants. On May 14, 2014, the jurors rendered unanimous verdicts against Rodrick. In July 2014, Judge Gerlach denied Rodrick's Motion for New Trial but granted his requests for remittiturs.

¶7 In September 2014, Judge Cooper administratively entered an amended judgment against Rodrick in the amount of $1,187,739 for compensatory and punitive damages pursuant to Judge Gerlach's

remittitur order.[3] Rodrick failed to properly appeal from that judgment.[4] On May 23, 2014, the superior court entered final judgment against Heisig in the amount of $3935. Heisig satisfied the judgment in full in February 2015.

¶8 In January 2015, a media news release alleged Judge Cooper was romantically involved with a registered sex offender, who she was living with and who Rodrick claims was listed on his websites. Judge Cooper immediately disqualified herself from the case. On January 20, 2015, the presiding Judge assigned the case to Judge Gerlach "for all further proceedings."

¶9 On June 2, 2015, Rodrick and Heisig filed a Motion to Set Aside Judgment. The motion requested the court to "set[] aside the judgments and rulings" entered by Judge Cooper. The motion was denied by Judge Gerlach in a ruling dated July 28, 2015. On August 4, 2015, Judge Gerlach, *sua sponte*, entered a *nunc pro tunc* order vacating the court's July 28 ruling in its entirety and issued a new order. Rodrick timely appealed the July 28 order, but did not separately appeal the August 4 order. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), and -2101(A)(1).[5]

## JURISDICTION

¶10 Ellis argues we have no jurisdiction over Rodrick's appeal because "no proper notice of appeal [was] filed" from Judge Gerlach's August 4 *nunc pro tunc* order, which vacated the July 28 order and was thus

---

[3] The judgment entered by Judge Cooper reflected Ellis's acceptance of the remittitur, decreasing the amount of punitive damages from $1,900,000 to $890,800. Judge Cooper similarly entered amended judgments for Flynn and Galvez, also reflecting their acceptance of the remittiturs granted by Judge Gerlach.

[4] Twice Rodrick attempted to appeal, but both appeals were dismissed. The first appeal was ruled abandoned on May 22, 2014 due to non-payment of the filing fee. On April 10, 2014, Rodrick filed a second appeal from various unsigned minute entries. That appeal was dismissed for lack of jurisdiction on June 26, 2014.

[5] We cite to the current version of applicable statutes and rules when no revision material to this case has occurred.

the final appealable order. *See* A.R.S. § 12-2101(A)(1); *Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 284, ¶ 12 (2009) (appellate court derives jurisdiction to review the superior court's orders from statutory provisions, which limit the power of review to final judgments with certain exceptions).

**¶11** A *nunc pro tunc* order or judgment is "a procedural device by which the record of a judgment is amended to accord with what the judge actually said and did, so that the record will be accurate." *Judgment*, Black's Law Dictionary (10th ed. 2014). "A judgment nunc pro tunc is by its very nature retroactive." *Valley Nat. Bank of Ariz. v. Meneghin*, 130 Ariz. 119, 124 (1981); *see Baker v. Emmerson*, 153 Ariz. 4, 8 (App. 1986) ("[N]otice of appeal from the original judgment is sufficient to invoke the jurisdiction of the appellate court even though the judgment has been amended if the amendment does not substantially alter the original judgment.").

**¶12** From the record, it is clear the August 4 *nunc pro tunc* order merged into the July 28 order retroactively. The August 4 order adopted the July 28 order verbatim, only extending its reasoning in part. No new notice of appeal was necessary and we have jurisdiction to review the case. *See Albins v. Elovitz*, 164 Ariz. 99, 101 (App. 1990) (notice of appeal was timely filed from the original judgment and no other notice of appeal was necessary after a judgment *nunc pro tunc* was entered).

## DISCUSSION

**¶13** Rodrick argues the superior court "applied the wrong legal standard(s)" when it denied the motion to set aside the judgment because no actual bias was required to be proven where the totality of circumstances created an appearance of impropriety. According to Rodrick, the superior court should merely have evaluated the existence of "[a]ny circumstances that objectively lead to the conclusion that the judge's impartiality might reasonably be questioned." *Kay S. v. Mark S.*, 213 Ariz. 373, 379–80, ¶ 33 (App. 2006) (quotation omitted).

**¶14** We review *de novo* whether the superior court applied the correct legal standard in making its determination. *In re Estate of Long*, 229 Ariz. 458, 464, ¶ 22 (App. 2012). An appearance of impropriety "requires reversal when (1) it threatens the integrity of the judicial process . . . or (2) when the impropriety actually prejudiced the result." *Id.* at 465, ¶ 28 (quoting *McElhanon v. Hing*, 151 Ariz. 403, 411, 413 (1986)). "[J]ustice must not only be done fairly but . . . it must be perceived as having been fairly done." *McElhanon*, 151 Ariz. at 412.

¶15 Here, Judge Gerlach analyzed and denied Rodrick's motion to set aside the judgment because Rodrick failed to establish (1) "anything that a *reasonable person* would perceive as a *threat to the integrity of the judicial process*," and because (2) he "failed to identify any actual prejudice that redounded to the detriment of either Rodrick or Heisig." (Emphasis added.) **[R 785 at 2; R 786 at 2]** The court thus applied the objective standard pertaining to the appearance of impropriety. Because it concluded the integrity of the judicial process was not threatened by any of Judge Cooper's actions, it then properly continued to analyze whether "there is a reasonable probability that defendant was prejudiced as a result of [Judge Cooper's rulings and actions in the case]." *McElhanon,* 151 Ariz. at 413. Judge Gerlach applied the correct legal standard in ruling on the motion to vacate the judgment.

¶16 Rodrick further argues the superior court abused its discretion when it denied his motion because the appearance of impropriety was "unmistakable" and clearly existed when considering the totality of circumstances. As a remedy, Rodrick requests to re-litigate the entire case, including a new trial.

¶17 "We review the setting aside of a judgment under Rule 60(c) for abuse of discretion," which occurs when "no evidence . . . supports the superior court's conclusion, or the reasons given by the superior court [are] clearly untenable, legally incorrect, or amount to a denial of justice." *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014); *Long*, 229 Ariz. at 464, ¶ 22 (citation omitted). A judgment requires reversal due to an appearance of impropriety when the appearance is of such magnitude that it "threatens the integrity of the judicial process, such as when a judge becomes so personally involved that there is an appearance of hostile feeling, ill will or favoritism toward one of the litigants." *Id.* at 465, ¶ 28 (quoting *McElhanon*, 151 Ariz. at 413); *see State v. Brown,* 124 Ariz. 97, 100 (1979) (the judge appeared "to act in the dual capacity of judge and advocate" when the judge overruled defendant's objection to the admissibility of a questionnaire the judge himself brought to the attention of a prosecutor and his supervisor, and when the judge revoked defendant's bond without a hearing).

¶18 Rodrick argues that because Judge Cooper shared a household with a registered sex offender, and because Rodrick operated a website publishing information about sex offenders, Judge Cooper's impartiality "might reasonably be questioned." *Kay S.*, 213 Ariz. at 379, ¶ 33. However, Rodrick does not explain how Judge Cooper was personally involved such that an objective observer might reasonably question her

impartiality, particularly given the fact that a different judge presided over Rodrick's trial.

**¶19** The record itself does not reflect Judge Cooper had any knowledge of the criminal history of her partner or of any alleged connection of her partner to Rodrick's websites during Judge Cooper's pretrial assignment to the case.[6] Without Judge Cooper's knowledge or awareness of a connection between her partner and Rodrick, a reasonable person would not conclude that Judge Cooper became "so personally involved" as to appear hostile, ill willed or favoring Ellis, particularly given Judge Cooper's pre-trial rulings that at times favored Rodrick. *See Long*, 229 Ariz. at 465, ¶ 28. Mere accidental coincidences of a judge's personal life, without more, are not sufficient to reasonably question a judge's impartiality.

**¶20** The cases cited by Rodrick are inapposite because the judges that acted improperly in those cases knew of the facts that created the appearance of impropriety. *See Kay S.*, 213 Ariz. at 380, ¶ 34 (one of the parties' counsel served as the trial judge's selected judge pro tempore, having "both professional association and special access," which could reasonably have been perceived as giving rise to the appearance of impartiality); *State v. Salazar*, 182 Ariz. 604, 607 (App. 1995) (an attorney represented the trial judge's former secretary in a wrongful termination case against the same trial judge in another court).

**¶21** Here, there is no indication Judge Cooper was aware of any of the information about her partner before ruling on Rodrick's pretrial motions. Moreover, as many of Judge Cooper's pretrial rulings were confirmed by Judge Gerlach during the trial, the integrity of the pretrial process was not compromised.

---

[6] It is an appellant's responsibility to provide the court with the transcripts and documents necessary to consider issues raised on appeal. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Rodrick failed to do so. "When a party fails to include necessary items, we assume they would support the court's findings and conclusions." *Id.* Although Rodrick attempted to submit additional evidence on appeal, our review is limited to the record before the superior court. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990).

¶22        Rodrick requests a new trial as a remedy on appeal. Because Rodrick already received a fair trial presided over by Judge Gerlach, remanding this case for a second trial would undermine the integrity of the judicial process unless Rodrick demonstrated that he was actually prejudiced by Judge Cooper's rulings. *See McElhanon*, 151 Ariz. at 413 (in a heavily-litigated and highly-adversarial case, a "reversal based on mere appearance of impropriety, without any actual prejudice, would significantly undermine the integrity of the judicial system" because "the parties have had more than their day in court"). Rodrick has not alleged actual prejudice on appeal, asserting instead that he is not required to make such a showing. Rodrick has therefore waived any challenge to the superior court's analysis of actual prejudice. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim."). The superior court's denial of Rodrick's motion to set aside judgment is supported by the evidence, and was not an abuse of its discretion. *See Long*, 229 Ariz. at 464, ¶ 22.

## CONCLUSION

¶23        For the reasons stated above, we affirm the superior court's order denying the motion to set aside the judgment in favor of Ellis, and award Ellis costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.[7]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[7]        Although Ellis requests we award attorney's fees on appeal, Ellis failed to "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees," and we decline, in our discretion, to award fees for that reason. *See* ARCAP 21.