DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLAUDE COFFY,**
Appellant,

v.

**MONIQUE COFFY,**
Appellee.

No. 4D19-3652

[April 28, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. FMCE 18-015533.

James Jean-Francois of Law Offices of James Jean-Francois, P.A., Hollywood, for appellant.

Serena Carroll of The Carroll Law Firm, LLC, Fort Lauderdale, for appellee.

PER CURIAM.

The husband, Claude Coffy, appeals a final judgment of dissolution of marriage entered by the circuit court pursuant to a mediation agreement he entered into with his wife, Monique Coffy. We affirm the judgment in all respects but write to address the method utilized in the agreement to satisfy the child support obligations for both children of this marriage.

It is well-established under Florida law that parents cannot contract away their children's right to support. *See, e.g.*, *De Jesus Paris v. Bollon*, 503 So. 2d 1387, 1388 (Fla. 4th DCA 1987) ("[A] child's parents may not bargain away the child's right to support.").

The mediation agreement was voluntarily entered into by the husband. It provides support for both children. There are two children referred to on the second page of the agreement, and the duration of child support on the tenth page refers to "*each* child." (emphasis added). Yet, the total child support obligation actually paid on a monthly basis references support for "one child" because the child support for the other child is being paid by

the husband's transfer of his equity in the marital home to the wife who is the primary caretaker of both children.

Importantly, the circuit court's final judgment orders payment of child support "pursuant to page 10 of the Mediation Agreement" which clearly references child support for "each child."

Thus, we interpret the mediation agreement as providing child support for both children, and the reference to both children at the outset of the agreement militates against any inference otherwise.

Moreover, the mediation agreement itself clarifies that the husband agreed to satisfy the balance of his child support obligation for both children, not otherwise being paid on a monthly basis, by the husband's transfer of his equity in the marital home to the wife who is the primary caretaker of both children. We see no reason to disturb the parties' mutual agreement to the pre-payment of part of the husband's child support obligation for both of his children through the transfer of equity in the marital home that the wife will utilize to support her children. *See Daizi v. Daizi*, 549 So. 2d 754, 755 (Fla. 3d DCA 1989) ("[T]he trial court has the power to effect equitable distribution, including the power, where appropriate, to award the husband's equity to the wife in lieu of child support."); *see also Butler v. Butler*, 409 So. 2d 517, 518 (Fla. 5th DCA 1982) (a parent's ability to meet his or her child support duty may include the sale of assets).

Accordingly, we affirm the final judgment of dissolution of marriage.

*Affirmed.*

WARNER, MAY and ARTAU, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

2