629 P.2d 1020

**In re the Marriage of Sylvia Ayon CORDOVA, Petitioner-Appellant,**

v.

**Alphonso Abel LUCERO, Respondent-Appellee.**

**No. 1 CA–CIV 4774.**

Court of Appeals of Arizona, Division 1, Department A.

April 23, 1981.

Rehearing Denied May 22, 1981.

Review Denied June 16, 1981.

Kenneth A. Winsberg, P. C., by Kenneth A. Winsberg, Phoenix, for petitioner-appellant.

Miller, Mark & Simon, Ltd., by Leonard J. Mark, Phoenix, for respondent-appellee.

## OPINION

OGG, Judge.

The sole issue presented in this appeal is whether a custodial parent can waive the collection of child support arrearages under the particular facts of this case.

The appellant, Sylvia Ayon Cordova, and the appellee, Alphonso Abel Lucero, were divorced on November 16, 1973. The father was offered to pay child support in the sum of $150.00 a month for each of his three minor children. Thereafter the mother remarried and moved to California with her children and new husband.

On November 15, 1974, the mother filed an order to show cause regarding contempt and asked for a decree establishing the arrearages in child support. The father re-

sponded and requested the court to modify the decree by reducing the amount of child support. On February 19, 1975, the trial court reserved the issue as to arrearages to be established at a later date and proceeded to enter an order modifying the prior child support order by reducing the monthly payment to $25.00 for each of the minor children.[1]

The second marriage of the mother ended in dissolution and she with the minor children returned to Arizona in August of 1978. A second petition for an order to show cause for contempt in the failure to pay child support was filed on August 22, 1978. At this hearing in January 1979, the mother claimed the father owned approximately $6,000 in arrearage on his child support payments. The trial court determined that the mother had waived all claimed past due child support payments through the month of August 1978. The court further ordered all child support payments to be resumed as of September, 1978.

The court's decision appears to be based primarily upon a letter sent in February 1975 by the mother, who was residing in California, to the father here in Arizona. This letter was preserved by the father and introduced into evidence. This letter informed the father that she was going to have the children adopted by her new husband. The letter in very pointed and abusive language further informed the father that she did not want any of his support money and that she did not want him near the children. The father made no further support payments after receipt of the letter. No further demands for child support payments were made upon him until approximately three and one-half years later when he was served in August of 1978 with the second order to show cause.

The mother testified that she received some child welfare benefits in Los Angeles, California, and that she went to the district attorney's office and filed a complaint under the Uniform Reciprocal Support Act. She presented no evidence that the father was ever served or that a hearing was ever conducted in Arizona. There was no evidence as to the time span involved or the amount of such child welfare support received by the mother.[2]

The mother argues there was no effective waiver of child support for the minor children because under Arizona law a custodial parent cannot waive or modify a child support order without first securing a court-ordered modification of the existing decree.

The father argues that the trial court properly exercised its discretion in finding the mother had waived the child support arrearages. He reasons that by her waiver and later inaction, he was led to believe he did not need to send the child support payments and that to order such payments now would cause a great injustice and a severe financial hardship. Although never specifically denominated as such, it would appear that the husband is relying upon a theory of equitable estoppel.

 All parties to this appeal and this court are in agreement that the parents cannot, as between themselves, retroactively modify a child support judgment. It is further our opinion that a custodial parent can, in certain fact situations, effectively waive the collection of child support arrearages as ordered in such a judgment.

The pertinent provision of A.R.S. § 25–327 A. pertaining to the modification and termination of child support provisions states:

> [T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances which are substantial and continuing.

---

1. The mother testified that she was seriously ill in the hospital at the time of the scheduled hearing. She stated she was unable to attend the hearing and was physically unable to contact her attorney. It appears no arrearage was established because of the mother's absence at the hearing.

2. There is no issue before us and we express no opinion as to the rights of the State of California to recover any sums of money that were paid to the mother by the State of California to assist her in the support of the minor children while they resided in California.

This statutory provision was applied in *Jarvis v. Jarvis,* 27 Ariz.App. 266, 553 P.2d 1251 (1976), where this court held that installments of child support become vested as they become due and that such child support payments cannot be modified retroactively. *Accord, McClanahan v. Hawkins,* 90 Ariz. 139, 367 P.2d 196 (1961).

Parties cannot agree between themselves to modify a child support order, for this would constitute an unlawful delegation of the court's authority to determine the facts which could justify a modification of support payments. *Johnson v. Johnson,* 105 Ariz. 233, 462 P.2d 782 (1970); *Evans v. Evans,* 17 Ariz.App. 323, 497 P.2d 830 (1973).

While the Arizona law is clear that the parties cannot modify a judgment for court ordered child support payments, we have no dispositive Arizona case law covering the waiver issue before us. In *Patterson v. Patterson,* 102 Ariz. 410, 432 P.2d 143 (1967), the Arizona Supreme Court ruled, under the particular facts of that case, that laches would not bar the wife, the custodial parent, from collecting child support arrearages. The former husband defended the former wife's attempt to collect child support arrearages by alleging her inaction on the claim for almost one and one-half years barred recovery under the doctrine of laches. The court stated: "There is evidence in the record which would negative defendant's claim of an unreasonable delay evidencing either an abandonment by the plaintiff of her claim or prejudice to the defense against such claim." *Id.* at 415, 432 P.2d at 148. It appears that the court would have reached a different result if the husband had presented evidence that the wife had abandoned her claim and then waited an unreasonable time to revise her claim to the prejudice of her former husband who owed the support duty.

In *Corbett v. Corbett,* 116 Ariz. 350, 569 P.2d 292 (App.1977), this court found that the wife, the custodial parent, was entitled to child support arrearages because there was no abandonment of her claim or showing of prejudice to the former husband and therefore the doctrine of laches did not

apply. Again it appears the court would have reached a different decision if there had been evidence of an abandonment or waiver of the wife's claim and prejudice was shown to the detriment of her former husband.

In *Baures v. Baures,* 13 Ariz.App. 515, 478 P.2d 130 (1970), the court refused to apply the doctrine of laches to excuse the collection of child support arrearage. The court stated that such doctrine is not available absent a showing of an abandonment of the claim by the custodial parent or prejudice to the party with the support duty.

An analysis of these Arizona cases leads us to conclude that under the facts of this case, the trial judge was correct in ruling that the custodial parent had waived the collection of the arrearage in the child support payments. Here the custodial parent did abandon her claim for the period of the disputed child support arrearage by writing the letter advising the father that she did not want his support and that she was going to have the children adopted by her new husband. She further waited approximately three and a half years without making any further claim. The father, with the support duty, relied upon this waiver and stopped making the payments. He is now confronted with a $6,000 arrearage claim, all to his financial prejudice.

Although there is no uniformity in the statutes or the decisions among the other states, it appears some courts in other jurisdictions apply a waiver or equitable estoppel doctrine in similar fact situations. *See In re Marriage of Szamocki,* 47 Cal.App.3d 812, 121 Cal.Rptr. 231 (1975); *Anderson v. Anderson,* 48 Ill.App.2d 140, 198 N.E.2d 342 (1964); Annot., 137 A.L.R. 884 (1942).

In our research, the most analogous case is *Kaminski v. Kaminski,* 8 Cal.App.3d 563, 565, 87 Cal.Rptr. 453 (1970). In *Kaminski,* the court ruled that the divorced wife waived the collection of the arrearages in a child support judgment when she orally told her former husband: "I don't want anything from you at all", and further denied him his rights to visitation.

The facts in the case now before us are much stronger than the facts in *Kaminski.*

Here the mother in a clear and unequivocal letter advised the father she did not want any support money, did not want him near the children, and that her present husband was going to adopt the children.

We are mindful of the problems created if trial courts take a liberal approach in granting waivers to prior child support orders. The validity of prior court orders must be maintained and the welfare of the involved minor children must be protected. The facts warranting such a waiver must be closely scrutinized and such waiver should only be determined when there is clear and compelling evidence in support of such finding.

In our opinion, there was sufficient clear and compelling evidence to support the judgment of the trial court and such judgment was legally correct.

Affirmed.

CONTRERAS, P. J., and YALE McFATE, Judge (Retired), concur.