IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LAURIN COBURN, *Petitioner/Appellee*,

*v.*

MICHAEL RHODIG, *Respondent/Appellant*.

No. 1 CA-CV 16-0399 FC
FILED 8-3-2017

Appeal from the Superior Court in Maricopa County
No. FN2009-052965
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Schmillen Law Firm, PLLC, Scottsdale
By James R. Schmillen
*Counsel for Petitioner/Appellee*

Dickinson Wright PLLC, Phoenix
By Marlene A. Pontrelli, Michael R. Scheurich
*Counsel for Respondent/Appellant*

**OPINION**

Judge Maria Elena Cruz delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1        Michael Rhodig ("Husband") appeals from the superior court's order granting Laurin Coburn's ("Wife") petition to enforce spousal maintenance arrearages.  Husband did not request modification of the decree, but rather asserted the parties' subsequent written agreement—in which Wife adjusted the amount owed—established the equitable defenses of waiver, estoppel, and laches.  Because application of these equitable defenses did not require the court to modify the decree, the court erred in concluding it lacked jurisdiction to consider the agreement pursuant to Arizona Revised Statutes ("A.R.S.") section 25-317(G)[1] and *In re Marriage of Waldren*, 217 Ariz. 173, 171 P.3d 1214 (2007).  We reverse the superior court order and remand for consideration of the written agreement and Husband's equitable defenses.

## FACTUAL AND PROCEDURAL HISTORY

¶2        The parties divorced in 2010 pursuant to a consent decree that ordered Husband to pay spousal maintenance of $3000 a month for sixty months, ending December 15, 2014.  The decree also stated spousal maintenance was non-modifiable as to duration or amount.  Husband fell behind in his spousal maintenance obligation.  After exchanging several emails, the parties signed an agreement in December 2010 to settle the arrearage.  The agreement provided Husband would pay Wife a $5000 lump sum plus $1000 per month for twelve months, with the final payment due December 15, 2011.  Wife expressly agreed to "waive any other unpaid support owed her by [Husband]."

¶3        Husband made all the payments due under the December 2010 agreement.  In December 2014, Wife filed a petition to enforce spousal maintenance arrearages, claiming she had been unable to locate Husband after the December 2010 agreement to request payment of the arrearages pertaining to the 2010 consent decree and had signed the subsequent agreement under duress.  Husband argued the agreement was enforceable pursuant to Arizona Rule of Family Law Procedure ("Family Law Rule") 69(A) and supported the equitable defenses of waiver, estoppel, or laches to Wife's arrearages claim.  Wife argued the consent decree made the spousal maintenance non-modifiable, and despite the written agreement,

---

[1]        We cite the current version of relevant statutes unless revisions material to this opinion have occurred since the events in question.

the superior court lacked jurisdiction to modify the decree pursuant to A.R.S. § 25-317(G).

**¶4** The parties agreed the superior court would decide as a matter of law whether the written agreement was enforceable. The court did not hear any testimony at the hearing but considered the parties' arguments and written briefs. The court concluded it lacked jurisdiction to consider Husband's request to modify or terminate the non-modifiable spousal maintenance provision and granted Wife's petition to enforce the consent decree. After denying Husband's motion for new trial or to amend the judgment, the court entered an arrearage judgment of $136,000 plus $37,259.39 in interest.

**¶5** Husband filed a timely notice of appeal from the order granting Wife's petition to enforce the consent decree, the order denying his motion for new trial, and the judgment for arrearages. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6** Pursuant to A.R.S. § 25-317(G), "entry of a decree that sets forth or incorporates by reference a separation agreement that provides that its maintenance terms shall not be modified prevents the court from exercising jurisdiction to modify the decree and the separation agreement regarding maintenance . . . ." Whether this statute precludes the superior court from considering Husband's equitable defenses is a question of law that we review *de novo*. *Waldren*, 217 Ariz. at 175, ¶ 6, 171 P.3d at 1216.

**¶7** The superior court concluded it lacked jurisdiction to modify the spousal maintenance provision in the decree, citing *Waldren*. In *Waldren*, the decree incorporated the parties' agreement that the husband would pay spousal maintenance for sixty months and that payments would be non-modifiable. *Id.* at 174, ¶ 2, 171 P.3d at 1215. Less than two years later, the husband became disabled and his income was limited. *Id.* at ¶ 3. He moved to modify or terminate the spousal maintenance provision of the decree under Arizona Rule Civil Procedure ("Rule") 60(c)(5), which "provides relief from a 'final judgment, order or proceeding [if] it is no longer equitable that the judgment should have prospective application.'" *Waldren*, 217 Ariz. at 177, ¶ 19, 171 P.3d at 1218 (quoting rule then in effect) (alteration in original).

**¶8** *Waldren* held that as a procedural rule, Rule 60(c)(5) could not operate to "abridge, enlarge or modify substantive rights of a litigant." *Id.* at ¶¶ 20-22 (citing A.R.S. § 12-109(A) (2003)). The court held that procedural

"rules must yield to statutory provisions on substantive matters such as the court's subject matter jurisdiction." *Id.* Because A.R.S. § 25-317(G) eliminated the superior court's jurisdiction to modify decrees regarding non-modifiable spousal maintenance, "[a]llowing Husband relief under Rule 60(c)(5) would permit the court's procedural rule to govern the substantive statute that limits the court's jurisdiction in such matters." *Id.* Under *Waldren*, relief was not available under Rule 60(c)(5). *Id.* at 178, ¶ 25, 171 P.3d at 1219.

**¶9** In *Waldren*, the husband petitioned to modify or terminate the indefinite spousal maintenance order, so the court was not asked to address equitable defenses. *Id.* at 174, ¶ 3, 171 P.3d at 1215. The court in *Waldren* could not have granted the petition without entering an order modifying or terminating the spousal maintenance provision, an act that A.R.S. § 25-317(G) expressly prohibits. In this case, however, there was no request to invade the content of the decree; Wife simply agreed to forgo collection.

**¶10** Section 25-317(G) "prevents *the court* from exercising jurisdiction *to modify the decree* and the separation agreement regarding maintenance . . . ." (Emphasis added.). *Waldren* held the court may not exceed this jurisdiction when exercising its equitable powers. 217 Ariz. at 177, ¶ 21, 171 P.3d at 1218. Application of equitable defenses in response to a petition to collect arrearages does not require the court to modify or terminate the decree and thus would not violate A.R.S. § 25-317(G). If Husband establishes an equitable defense by clear and compelling evidence, the court need only deny Wife's petition to enforce. *See Ray v. Mangum*, 163 Ariz. 329, 332, 788 P.2d 62, 65 (1989) (stating party asserting equitable defenses must demonstrate them by "clear and compelling evidence"). If Husband does not establish an equitable defense, the court may grant the petition and enter an arrearage judgment. Therefore, the jurisdictional restriction in A.R.S. § 25-317(G) does not preclude application of equitable defenses to a petition to enforce spousal maintenance arrearages. The court need not modify the decree and, therefore, would not "exceed its jurisdiction" as defined in A.R.S. § 25-317(G). *Cf. Waldren*, 217 Ariz. at 177, ¶ 21, 171 P.3d at 1218.

**¶11** The distinction between a modification and equitable defenses to enforcement is also found in cases holding that child support arrearages are subject to the equitable defenses of waiver, estoppel, and laches. *See Ray*, 163 Ariz. at 332, 788 P.2d at 65; *State ex rel. Dep't of Econ. Sec. v. Dodd*, 181 Ariz. 183, 186-88, 888 P.2d 1370, 1373-75 (App. 1994); *Cordova v. Lucero*, 129 Ariz. 184, 186, 629 P.2d 1020, 1022 (App. 1981). Equitable defenses to child support arrearages are permitted even though child

support orders cannot be retroactively modified. *See Ray*, 163 Ariz. at 332, 788 P.2d at 65; A.R.S. § 25-327(A). *Cordova* expressly recognized the distinction between modification of a support order and the application of equitable defenses, noting that although parties cannot retroactively modify a child support judgment, "a custodial parent can, in certain fact situations, effectively waive the collection of child support arrearages as ordered in such a judgment." 129 Ariz. at 185, 629 P.2d at 1021.

**¶12** Our courts have found no public policy reason to preclude the application of equitable defenses to child support arrearages. *See Ray*, 163 Ariz. at 332, 788 P.2d at 65; *State v. Garcia*, 187 Ariz. 527, 530, 931 P.2d 427, 430 (App. 1996) (holding application of laches defense did not "detract from the strong public policy of promoting the welfare of children."). Requiring the party asserting equitable defenses to demonstrate them by "clear and compelling evidence" adequately protects the welfare of children. *Ray*, 163 Ariz. at 332, 788 P.2d at 65. Applying the same heightened burden of proof to spousal maintenance arrearages will adequately protect the public policies of certainty, finality, and reduce the prospect of post-decree litigation. *See Waldren*, 217 Ariz. at 176, ¶ 14, 171 P.3d at 1217 (recognizing policies of finality, certainty, and predictability in divorce settlements).

**¶13** Wife contends these child support cases do not support application of equitable defenses to spousal maintenance arrearages because of the differences between child support and spousal maintenance. Wife cites *Ames v. Ames*, 239 Ariz. 246, 247, ¶ 2, 370 P.3d 115, 116 (App. 2016), in which the husband was ordered to pay spousal maintenance for four years, ending June 2007. The wife filed a petition to enforce the decree in May 2014, which the superior court dismissed pursuant to the three-year statute of limitations applying to spousal maintenance enforcement actions found in A.R.S. § 25-553(A). *Id.* at ¶¶ 3, 5. On appeal, the wife argued the court should apply the exception found in the statute of limitations applicable to child support arrearages, which places the burden on the obligor to demonstrate the obligee unreasonably delayed in bringing the enforcement action before applying the statute of limitations. *Id.* at 250, ¶ 20, 370 P.3d at 119 (citing A.R.S. § 25-503(J) (2013)). Noting that the legislature did not similarly amend the spousal maintenance statute of limitations to include the unreasonable delay language when it amended the child support statute of limitations, *Ames* refused to read this exception into the spousal maintenance statute of limitations. *Id.* at 250-51, ¶¶ 22-23, 370 P.3d at 119-20. *Ames* concluded the three-year statute of limitations served the public policies of prompt accounting of arrearage claims and notice to the obligor and creditors of the debt, as well as the "policy underpinning spousal maintenance, namely, to encourage and assist a

spouse's independence within a limited timeframe." *Id.* at ¶¶ 21, 23 (citing *State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, 526-27, ¶ 17, 115 P.3d 116, 120-21 (2005); *Schroeder v. Schroeder*, 161 Ariz. 316, 321, 778 P.2d 1212, 1217 (1989)). Although *Ames* recognized a difference in the child support and spousal maintenance statutes of limitation, it does not support Wife's contention that equitable defenses, allowed in child support arrearage cases, should not also apply to spousal maintenance arrearages.

¶14 The superior court erroneously concluded it lacked jurisdiction to consider Husband's equitable defenses. Thus, the court did not decide whether the parties' agreement was enforceable or consider whether Husband established waiver, estoppel, or laches.

¶15 Husband argues the written agreement was enforceable under Family Law Rule 69(A) and superseded or waived the terms of the consent decree. He contends this Court can grant him relief on appeal as a matter of law. However, Wife contested the validity of the written agreement and argued she signed it under duress. The parties stipulated to have the superior court decide a "threshold" "legal issue" before considering whether evidence was needed regarding the enforceability of the agreement. In the superior court proceedings, Wife challenged the validity and meaning of the written agreement. These are questions of fact for the superior court to determine in the first instance. The court did not reach these issues because it erroneously concluded it lacked jurisdiction to do so. Accordingly, an evidentiary hearing is necessary on remand.

¶16 Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. We find neither party took an unreasonable position on appeal, and the record does not contain current information regarding the parties' relative financial resources. Therefore, in the exercise of our discretion, we decline to award attorneys' fees to either party on appeal. As the successful party on appeal, Husband is entitled to an award of costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. *See* A.R.S. § 12-342.

**CONCLUSION**

**¶17**        We reverse the order granting the petition to enforce the decree and remand for an evidentiary hearing to determine the validity of the December 2010 written agreement and address Husband's equitable defenses.  Husband is awarded his costs on appeal upon compliance with ARCAP 21.

