NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CYNTHIA MORROW, *Petitioner/Appellee,*

*v.*

DOUGLAS MORROW, *Respondent/Appellant.*

No. 1 CA-CV 17-0658 FC
FILED 6-19-2018

Appeal from the Superior Court in Maricopa County
No. FN2012-091997
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Harmon Law Office, PLLC, Tempe
By Emile J. Harmon
*Co-Counsel for Petitioner/Appellee*

McCulloch Law Offices, Tempe
By Diana McCulloch
*Co-Counsel for Petitioner/Appellee*

Stanley David Murray Attorney at Law, Scottsdale
By Stanley David Murray
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1 Appellant Douglas Morrow ("Husband") appeals from the superior court's orders granting modification of spousal maintenance and denying his motion for new trial. For the following reasons, we affirm in part and remand in part.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Cynthia Morrow ("Wife") filed for divorce in 2012. At the time, the parties had two adult children. Prior to the divorce trial, Wife was granted the exclusive use and possession of the marital residence and was ordered to pay Husband $2,000 per month in temporary spousal maintenance.

¶3 Wife is employed and earned $117,434 in gross wages in 2012. Although Husband holds Bachelor's and Master's Degrees, at the time of his pretrial statement, he had not been employed or applied for a job since 2001. Husband testified during trial that he had a serious car accident in 2000 that required multiple surgeries. Husband applied for social security disability in 2005, but was denied benefits in 2006.

¶4 The court issued its decree in December 2013. Based on the evidence presented at trial, the court awarded Husband $4,000 per month in spousal maintenance for an indefinite term based on the court's finding that Husband was unlikely to achieve financial independence. In the decree, the court also noted Husband's medical issues and lack of employment since 2001.

¶5 On January 14, 2014, Wife filed a notice of appeal, and Husband filed a notice of cross-appeal the next month. On January 29, 2014, Husband left Wife a voicemail stating he had told his attorney to put spousal payments "on hold" and he was going to "hold off" on seeking to collect his spousal maintenance award. Wife did not pursue her appeal. In March 2014, this Court deemed both the appeal and cross-appeal abandoned, and dismissed the appeals.

2

¶6 In June 2016, Husband and Wife exchanged a series of text messages where Husband asked Wife for financial help. During the text exchange, Husband brought up the "alimony" but never requested back pay or maintenance going forward. Wife ultimately gave Husband a one-time payment of $2,500.

¶7 In March 2017, Husband filed a contempt petition alleging that Wife failed to pay spousal maintenance and requested a judgment for $156,000 in unpaid spousal support. Wife answered the petition, arguing that Husband failed to request a single spousal support payment in the previous 39 months and that she believes Husband had been working since shortly after the dissolution of their marriage. Wife also raised affirmative defenses, including waiver, laches, fraud and unclean hands.[1] Along with her answer, Wife filed a counter-petition for modification of spousal maintenance based on substantial and continuing changes in circumstances. Husband denied waiving spousal support. Deductions from Wife's earnings commenced in August 2017.

¶8 After an evidentiary hearing on Husband's contempt motion and Wife's modification petition, the superior court denied Husband's request to find Wife in contempt related to the spousal maintenance payments and found that Wife established waiver and estoppel on any maintenance arrearages by clear and compelling evidence. The court, after analyzing Arizona Revised Statutes ("A.R.S.") section 25-319(B) factors, determined that Wife was entitled to a modification of spousal maintenance and reduced the award from $4,000 per month to $0 per month. The court also awarded Wife a portion of her reasonable attorneys' fees based on Husband's unreasonable conduct. Husband filed a notice of appeal regarding the spousal modification.

¶9 After filing his notice, Husband filed a motion for new trial related to spousal maintenance arrearages, spousal maintenance, and the award of attorneys' fees to Wife. The superior court denied Husband's motion. Husband also objected to Wife's application for attorneys' fees, and the court ultimately ordered Husband to pay Wife $1,000 in attorneys'

---

[1] Wife asserted the equitable defense of estoppel in her amended pretrial statement.

fees. Husband amended his notice of appeal to include the denial of the motion for new trial and the attorneys' fee award.[2]

**¶10**		We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2) and (A)(5).

## DISCUSSION

I.		Husband Is Not Entitled to Spousal Support Arrears

**¶11**		The superior court denied Husband's request to find Wife in contempt for failure to pay spousal maintenance arrears by applying the equitable defenses of waiver and estoppel. Husband argues the court erred in finding waiver and estoppel prevented him from asserting a claim for spousal maintenance arrears.

**¶12**		We review a superior court's contempt order for an abuse of discretion. *Danielson v. Evans*, 201 Ariz. 401, 412, ¶ 40 (App. 2001). Additionally, Arizona courts have consistently held that waiver is "a question of fact to be determined by the trier of fact." *Chaney Bldg. Co., Inc. v. Sunnyside Sch. Dist. No. 12*, 147 Ariz. 270, 273 (App. 1985). We will not disturb the superior court's factual findings supported by the record, even if based on conflicting evidence, and we will give due regard to the court's opportunity and ability to judge witness credibility. *See Concannon v. Yewell*, 16 Ariz. App. 320, 321 (1972); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

**¶13**		Support payments may not be retroactively modified by a court nor by the parties. *See Lamb v. Superior Court*, 127 Ariz. 400, 402 (1980); *Hatch v. Hatch*, 113 Ariz. 130, 134 (1976); *Cordova v. Lucero*, 129 Ariz. 184, 185 (App. 1981). However, the equitable defenses of waiver, estoppel, and laches may apply to support arrearages. *See Coburn v. Rhodig*, 243 Ariz. 24, 26, ¶¶ 10-12 (App. 2017). These defenses must be established by clear and compelling evidence. *Schnepp v. State ex rel. Dep't of Econ. Sec.*, 183 Ariz. 24, 28-30 (App. 1995).

	A.	Waiver

**¶14**		To establish waiver, Wife must show that Husband "voluntarily and intentionally abandoned a known right." *Id.* at 28. Clear

---

[2]		Husband failed to present any arguments concerning the attorneys' fee award on appeal.

and compelling evidence of waiver can take the form of a written waiver or an admission of waiver. *Ray v. Mangum*, 163 Ariz. 329, 333 (1989).

**¶15**    Husband left Wife a voicemail in January 2014 stating he instructed his attorney "to get that garnishment on hold"[3] and he was going to "hold off on the garnishment" for his spousal maintenance payments. After putting spousal maintenance "on hold" in January of 2014, Husband failed to pursue spousal maintenance payments until March 2017 when he filed the contempt petition and requested $156,000 in past-due spousal maintenance. In May 2017, Husband filed a petition for an income withholding order, requesting the $4,000 monthly spousal maintenance payment from Wife.[4]

**¶16**    Husband relies on *Ray* to argue Mother's belief that Husband waived spousal maintenance is not enough to meet the clear and compelling burden. 163 Ariz. at 333 ("Where conflicting testimony exists and the parties' unspoken assumptions and intentions conflict, one party's belief [that the other waived child support] cannot provide clear and compelling evidence of [a waiver].").  In *Ray*, the parties entered into a child support[5] modification agreement almost ten years after their divorce wherein father agreed to pay the mother $450 per month in child support. *Id.* at 330-31.  The agreement was silent as to child support arrears. *Id.* at 331.  A year after the modification agreement, the mother filed a petition for child support arrearages. *Id.*  At trial, the mother and the parties' daughter testified that the father agreed he would pay back child support during their meeting to discuss the modification agreement. *Id.* at 332-33.  The Arizona Supreme Court found that there was no clear and compelling evidence that the mother waived her claim for past due child support. *Id.* at 333.

---

[3]    Husband used the term "garnishment," but no wage garnishment had yet been proposed. Husband uses garnishment in place of enforcement of Wife's spousal payments.

[4]    Despite requesting unpaid spousal support in his March 2017 petition, Husband failed to request a past due obligation for spousal support, despite it being an optional box to check in his petition for income withholding order.

[5]    There is a strong public policy of promoting the welfare of children. *State v. Garcia*, 187 Ariz. 527, 530 (App. 1996).  There is no similar policy related to the consideration for spousal maintenance awards.

¶17 We find the facts of this case more analogous with *Cordova*. In *Cordova*, the father stopped making child support payments after the mother sent him a letter stating she did not want support payments. 129 Ariz. at 185. After more than three years, the mother made a claim for child support arrearages. *Id.* We held that the mother waived her claim to child support arrearages by expressly stating she did not want child support, and then waited approximately three-and-a-half years without making any further claim. *Id.* at 186. After the mother revoked the waiver, the father started making child support payments again. *Id.* at 185.

¶18 Husband's voicemail putting spousal maintenance "on hold," coupled with his inaction in commencing collection efforts for spousal maintenance, despite being able to do so at any point, constitute clear and compelling evidence of his admission of waiver of his spousal maintenance award. *Ray*, 163 Ariz. at 333. Husband's waiver of spousal maintenance was revoked upon the filing his contempt petition, thereby putting Wife on notice of her obligation to pay the ordered spousal maintenance. We remand this matter to the superior court to determine the amount of spousal maintenance due to Husband for the time period between the revocation of his waiver and garnishment of Wife's wages.

### B. Estoppel

¶19 Husband next contends the superior court erred in determining that he was estopped from claiming spousal maintenance arrears. The requirements for estoppel are (1) conduct by which one induces another to believe in certain material facts, (2) the inducement results in acts in justifiable reliance thereon, and (3) the resulting acts cause injury. *Id.* (Citations omitted.) Like waiver, equitable estoppel bars the recovery of support "only when there is clear and compelling evidence in the record to support such a determination." *See State ex rel. Dep't of Econ. Sec. v. Dodd*, 181 Ariz. 183, 187 (App. 1994). We review the equitable estoppel ruling for an abuse of discretion. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 190, ¶ 65 (App. 2008).

¶20 Husband, citing dicta in an unpublished memorandum decision, argues Wife unjustifiably relied on his verbal promise to forego spousal maintenance because Wife and her attorney "knew and understood the necessity of formalizing their agreement." *In re Marriage of Richardson v. Richardson*, 1 CA-CV 16-0215 FC, 2017 WL 586423, at *3, ¶ 15 (Ariz. App. Feb. 14, 2017) (mem decision). We find *Richardson* to be inapposite to this matter. First, *Richardson* is a child support matter, which has different policy considerations from spousal maintenance. *Id.* at *1, ¶ 1. The father

in *Richardson* never appealed the original support obligation, unlike Wife in this matter. *Id.* at *1, ¶ 2. Additionally, text messages exchanged between the *Richardson* parties show that the father understood that the agreement needed to be formalized in court, but failed to do so; there are no similar text messages in this matter. *Id.* at **2-3, ¶¶ 12, 15. In *Richardson*, we found the superior court did not abuse its discretion in declining to apply estoppel. *Id.* at *3, ¶ 15. Given the factual and policy differences between this matter and *Richardson*, we do not find *Richardson* persuasive.

¶21 In this case, Wife testified that Husband's voicemail putting the garnishment "on hold" induced her into not pursing her appeal. Wife was injured in relying on Husband's voicemail because she forever lost the ability to have a higher court review the spousal maintenance award. Given Wife's justified reliance on Husband's voicemail and the injury she incurred in not pursing her appeal, the superior court did not abuse its discretion in applying estoppel. Husband is estopped from asserting a claim for spousal maintenance arrearages from the time he waived the maintenance obligation until he filed his contempt petition. At that point, Wife no longer could have reasonably relied on Husband's waiver.

II. The Superior Court Did Not Abuse Its Discretion in Awarding Spousal Support Modification

¶22 We review the superior court's ruling modifying spousal maintenance for abuse of discretion. *In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011). We defer to the court's factual findings unless they are clearly erroneous or unsupported by substantial evidence. *Bobrow v. Bobrow*, 241 Ariz. 592, 595, ¶¶ 11, 20 (App. 2017).

¶23 Husband argues the superior court had no basis to modify his spousal maintenance award from $4,000 per month to $0. Spousal maintenance "may be modified or terminated *only* on a showing of changed circumstances that are substantial and continuing[.]" A.R.S. § 25–327(A) (emphasis added). "The burden of proving changed circumstances is on the party seeking modification." *Scott v. Scott*, 121 Ariz. 492, 494 (1979).

¶24 The amount and duration of spousal maintenance is determined pursuant to A.R.S. § 25–319(B). The superior court's minute entry demonstrates it considered those factors when reaching its determination. Specifically, at the 2013 trial, Husband provided evidence that he was unable to work and presented medical testimony to support his allegation. However, within months of the decree throughout the 2017 hearing, Husband worked continually, despite a variety of medical

conditions. A.R.S. § 25-319(B)(3). Additionally, Husband's employment with various companies provided enough income to meet his monthly expenses. A.R.S. § 25-319(B)(9). Husband will also receive additional funds upon the sale of the marital residence and after the division of Wife's retirement accounts by a Qualified Domestic Relations Order. A.R.S. § 25-319(B)(9). The court determined that Husband did not reduce his income for the benefit of Wife, A.R.S. § 25-319(B)(7), and that Wife paid for their children's education without contribution from Husband, A.R.S. § 25-319(B)(8). The court also determined that Husband has maintained appropriate employment to meet his needs. A.R.S. § 25-319(B)(10).

¶25 The superior court did not abuse its discretion in modifying the spousal maintenance award. Evidence presented at the hearing supports the court's findings that Husband went from not working to obtaining employment where he made enough to meet his needs and achieve financial independence.

III. The Superior Court Did Not Abuse Its Discretion in Denying Husband's Motion for New Trial

¶26 A motion for new trial may be granted for the following reasons: (1) irregularity in the proceedings or abuse of discretion that deprived moving party of a fair trial; (2) misconduct of a party; (3) accident or surprise; (4) newly discovered material evidence; (5) error in the admission or rejection of evidence or other errors of law; or (6) a ruling not justified by the evidence or contrary to law. Ariz. R. Fam. Law P. 83(A). We will not reverse the denial of a motion for new trial absent a showing that the court abused its discretion. *Wendling v. Sw. Sav. & Loan Ass'n*, 143 Ariz. 599, 602 (App. 1984). On appeal, we view the evidence in the light most favorable to supporting the superior court's decision. *See Sommerfield v. Sommerfield*, 121 Ariz. 575, 577 (1979).

¶27 In his motion for new trial, Husband contends that he neither waived nor is estopped from asserting spousal maintenance arrearages and that the court abused its discretion in modifying the spousal maintenance award. As explained above, the superior court did not err in determining that the equitable defenses of waiver and estoppel applied to Husband's claim for spousal maintenance arrearages. Additionally, Wife showed substantial and continuing changed circumstances to warrant the spousal maintenance modification. Therefore, we hold the court did not abuse its discretion in denying Husband's motion for new trial.

IV.     Attorneys' Fees

¶28     Husband requests an award of his attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. Wife requests an award of her attorneys' fees and costs pursuant to A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. After considering the parties' financial resources and reasonableness of their respective positions, we decline to award attorneys' fees to either party. We award costs to Wife in compliance with ARCAP 21.

## CONCLUSION

¶29     For the foregoing reasons, we affirm in part and remand in part. We instruct the superior court to determine the amount of spousal maintenance owed to Husband from the date of his contempt petition through the time Wife started making spousal maintenance payments.



AMY M. WOOD • Clerk of the Court
FILED:  AA