NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KRYSTLE BELEN JIMENEZ, *Petitioner/Appellee,*

*v.*

STEVEN MICHAEL DOMINGUEZ, *Respondent/Appellant*.

No. 1 CA-CV 23-0720 FC

FILED 07-02-2024

Appeal from the Superior Court in Maricopa County
No.  FC2017-093015
The Honorable Charlene D. Jackson, Judge

**AFFIRMED**

COUNSEL

Arizona Family Law Solutions, PLC, Mesa
By Melissa Weiss-Riner, James E. Riner
*Counsel for Respondent/Appellant*

The Cavanagh Law Firm, P.A., Phoenix
By Nicholas J. Brown
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

---

**B R O W N**, Judge:

¶1        Steven Dominguez ("Father") appeals the superior court's post-decree order reducing his parenting time and granting Krystle Jimenez ("Mother") retroactive child support. Because Father has not shown the court abused its discretion or otherwise erred, we affirm.

## BACKGROUND

¶2        Father and Mother married in 2008; they have one child in common, who was born in 2012 ("Child"). In 2017, Mother petitioned for dissolution of the marriage. In addition to other requests, each parent confirmed the need to establish child support in accordance with the Arizona Child Support Guidelines.

¶3        In 2018, the superior court entered its decree dissolving the marriage. The decree, which included a parenting time agreement, ordered joint legal decision-making authority and a relatively even parenting time schedule. The decree was silent, however, on child support. About six months later, Father petitioned to establish child support, but the court dismissed the petition without prejudice for lack of prosecution.

¶4        In November 2022, Father petitioned to modify legal decision-making, parenting time, and child support, asserting in part that Child's living conditions with Mother were unfit. Father claimed that Child was suffering from lack of sleep and was experiencing "significant stress in being forced to share a bed and room with others in Mother's apartment." Father requested sole legal decision-making authority, two weekends (daytime only) of parenting time a month for Mother, and that each party pay nothing in child support. In response, Mother acknowledged living with relatives in an apartment with two bedrooms and one bathroom due to safety concerns and financial hardship but asserted that she provides Child with his daily needs in a safe environment. Mother then alleged that Father had violated the decree in various instances.

¶5            In April 2023, the superior court ordered the parties to participate in open negotiation on the issues of legal decision-making and parenting time.   The parties complied and signed an agreement ("Agreement") in which they assented to joint legal decision-making authority and various provisions addressing their parenting time arrangement, including exchanges and communication.  The parties did not agree on a parenting time schedule, a right of first refusal, or presumably, child support.  In June 2023, the court entered the Agreement as an order of the court, to remain in effect unless modified by subsequent order.

¶6            Father then tried to unilaterally move Child to a new school. Mother filed an expedited motion for an order to maintain school enrollment, which the court granted, finding that because the parents had joint legal decision-making authority, Father could not unilaterally decide to change Child's school.

¶7            In August 2023, Mother filed another response to Father's petition to modify legal decision-making, parenting time, and child support as well as a counter-petition to modify legal decision-making, parenting time, and child support.  She asked the court to order child support, including retroactive support "up to three years before date of filing." Mother also claimed that Father's communications were becoming increasingly hostile, and she pointed to Father's interactions with law enforcement, referencing several police reports documenting acts of domestic violence between Father and his significant other.  Mother alleged a material change of circumstances had occurred and sought sole legal decision-making and a reduction in Father's parenting time.  Father moved to dismiss Mother's filing, asserting she never sought to amend her response, that her second response was untimely, and that no change in circumstances justified Mother's counter-petition.

¶8            The court granted Father's motion to dismiss Mother's second response as untimely but denied the motion as to her counter-petition.  The court found that although the issues of parenting time and legal decision-making had been resolved at the open negotiation three months earlier, Mother's counter-petition "include[d] a verification of the facts that support . . . [a] reason to believe the child's present environment may seriously endanger the child's physical, mental, moral, or emotional health."  *See* A.R.S. § 25-411(A).  The court then granted Mother's motion to consolidate Father's petition with her counter-petition.

¶9            After an evidentiary hearing, the superior court determined that the new information Mother provided about Father's contacts with law

enforcement justified modifying the Agreement. The court then ruled that the parties would continue to exercise joint legal decision-making authority, with Mother as the primary residential parent (resulting in a significant reduction in Father's parenting time), and Father being obligated to pay child support of $565 per month plus $9,964 for three years of retroactive support. Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### A. Parenting time

**¶10** We will not disturb the superior court's legal decision-making or parenting time orders absent an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). Father argues the court should not have allowed Mother's counter-petition to proceed because it had been less than one year since the entry of the last parenting time and decision-making order, entered on June 19, 2023. Father points to A.R.S. § 25-411(A), which states,

> [a] person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health.

The superior court correctly acknowledged that Mother's counter-petition was subject to the Agreement. The court then determined Mother's filing included verified facts sufficient to bypass the one-year threshold under § 25-411(A).

**¶11** Father disagrees, asserting the evidence Mother presented was available before the Agreement was entered. However, as the court pointed out, some of the incidents between Father and the police included in Mother's counter-petition happened after the Agreement. Additionally, Father admitted that Child was present during one of the occasions that required police involvement. Father has not shown the court abused its discretion in finding that under the circumstances there was reason to believe Child's physical, mental, moral, or emotional health could be seriously endangered.

**¶12** Next, Father argues the court erred in allowing Mother to file an untimely counterclaim because she did not comply with Arizona Rules

of Family Law Procedure ("Rule") 28 and 33. Father summarily contends that Mother "failed to comply significantly" with these provisions, but given his failure to sufficiently develop this argument, it is waived. *See* ARCAP 13(a)(7) (requiring references to the record and citations supporting legal authority in Appellant's opening brief); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (holding that failure to comply with ARCAP 13(a)(7) resulted in waiver of an argument). His argument also fails on the merits. Rule 28 applies to amended and supplemental pleadings. Father's argument could apply to Mother's filing of an amended response past the deadline without asking for leave to amend. But the court dismissed Mother's amended response. Similar to Rule 28, Father's reliance on Rule 33 is misplaced. Rule 33 deals exclusively with third-party rights, other parties or claims, and state intervention, none of which are applicable here.

¶13        Father also asserts that Mother's counter-petition was improper because it did not comply with Rule 91. He argues that, had Mother complied with that rule, he "would have been afforded at least (30) days before an [evidentiary hearing] was to be set." Again, Father has failed to properly develop this argument. *See* ARCAP 13(a)(7). Moreover, the portion of Rule 91 Father cites applies when a court rejects a petition to modify. *See* ARFLP 91(i)(1). In that situation, the court must provide the petitioner "an opportunity to correct the deficiency within 30 days." *Id.* Nothing else in the text of Rule 91 supports the 30-day period Father advocates for on appeal. The court did not abuse its discretion in modifying the parties' parenting time.

### B.        Due Process

¶14        Father argues his due process rights were violated because he "had no way of knowing that [Mother's] intention was to reinstitute . . . previously disclosed Police Reports as first-time knowledge or newly discovered evidence." We review de novo "[w]hether the superior court afforded [Father] due process." *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020).

¶15        Father does not direct us to the portion of the record where he raised this argument in the superior court; it is therefore waived. *See Ritchie*, 221 Ariz. at 305, ¶ 62 (holding that failure to cite to parts of the record relied on "can constitute abandonment and waiver of that claim"). Waiver aside, he has shown no error. The superior court has "broad discretion over the management of its docket." *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992). This discretion must be balanced against the due process right that litigants be

heard "at a meaningful time and in a meaningful manner." *Backstrand*, 250 Ariz. at 346, ¶ 29 (citation omitted). Father contends that Mother disclosing the police reports on the day of the disclosure deadline stripped him of his due process rights. For her part, Mother contends it was Father's duty to disclose these reports under Rule 49.

**¶16** In support of his due process argument, Father cites *Cruz v. Garcia*, 240 Ariz. 233 (App. 2016), for the principle that the parties must be afforded due process before parenting time orders are modified. In *Cruz*, however, the superior court modified legal decision-making authority without providing notice that legal decision-making was an issue for the hearing. *Id.* at 236, 237, ¶¶ 8, 14. Additionally, the court based its findings on "documents not admitted in evidence or subjected to adversar[ial] testing." *Id.* at 237–38, ¶ 17. Here, all police reports were admitted into evidence. And the reports previously disclosed at the open negotiation were "admitted and given [the] weight [they] deserve[d] in light of the objection[s]." The parties were properly advised of what would be discussed at the hearing.

**¶17** Father also contends a new evidentiary hearing was warranted "because of [d]iscovery deficiencies and an inability to be heard or confront [or present] witnesses in a meaningful manner," citing *Coffee v. Ryan-Touhill*, 247 Ariz. 68 (App. 2019). *Coffee* dealt with whether there was a right to a change of judge, which is not at issue here.

**¶18** Father was given the opportunity to be heard at a meaningful time and in a meaningful manner. He had notice that Mother intended to use the recent police reports, as confirmed by her counter-petition filed two weeks before the hearing. When testifying about the police reports at the evidentiary hearing, Father focused on there being no criminal charges, that they did not "pertain to this case," and that the child was not around during those incidents. How Father used his allotted time at the hearing was within his control. *See Backstrand*, 250 Ariz. at 347, ¶ 32 (explaining that counsel has the duty to manage time and balance strategy). Father has not established any denial of his due process rights.

### C. Child Support

**¶19** Father argues the superior court erred in awarding Mother retroactive child support. We review an award of child support for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002).

**¶20** According to Father, Mother waived her right to request retroactive child support because the issue was inactive for five years.

Father relies on *Cordova v. Lucero*, 129 Ariz. 184 (App. 1981). In that case, in the decree the superior court ordered husband to pay child support, but after failing to pay mother petitioned for calculation of and payment of arrearages. *Id.* at 184–85. The court found that because wife had not sought the nonpayment for several years, and advised husband she did not want the payments, she waived her entitlement to those payments. *Id.* at 186. *Cordova* is not persuasive here because child support was never established. Accordingly, Mother could not have waived child support under the reasoning applied in *Cordova*.

¶21 Father claims the court was not permitted to make a retroactive child support order "five years after the fact," suggesting in part that the court lacked subject matter jurisdiction to consider the issue. In relevant part, A.R.S. § 25-320 provides: "If the parties lived apart before the date of the filing [the petition to modify] . . . and if child support has not been ordered by a child support order, the court *may* order child support retroactively . . . but not more than three years before the date of the filing." A.R.S. § 25-320(C) (emphasis added). In this case, the parties lived apart before Father filed his petition in November 2022 and child support had never been ordered. Thus, the court acted under its jurisdictional authority and within its discretion in awarding child support to Mother going back to November 28, 2019, three years before Father's petition.

### D. Attorneys' Fees and Costs

¶22 Mother requests attorneys' fees incurred on appeal under A.R.S. § 25-324, which authorizes a court to award fees after considering the parties' financial resources and the reasonableness of their positions. In our discretion, we award Mother her reasonable attorneys' fees, plus taxable costs, subject to compliance with ARCAP 21. *See id.*; A.R.S. § 12-342.

### CONCLUSION

¶23 For the reasons set forth above, we affirm.

